MANUEL F. BARRANCO et al., Respondents, *v.* ROGER B. TOWNER, Appellant.

(City Court of Brooklyn — General Term, March, 1895.)

Where the letters in relation to a sale of goods contain no statements in relation to quality, and the vendor's agent is allowed to testify, on the trial of an action for the purchase price, to conversations with defendant in reference to the quality of the goods ordered, it is error to exclude testimony of the defendant as to such conversations on the ground that the contract is in writing.

APPEAL from judgment in favor of the plaintiffs, entered upon the report of a referee.

*Ayres & Walker,* for appellant.

*Julius Lehmann,* for respondents.

*Per Curiam.* We have carefully examined the record in this case, and are of opinion that the exceptions were well taken. Mr. Levison stated, on behalf of the plaintiffs: " I had a conversation with him," meaning the defendant, " at that time, and, as a result of that conversation, I had business transactions with him. I sold Mr. Towner a bill amounting to about $985. I did not sell him the same brand that he purchased before. I sold him the same cigars, but a different brand." Again, Levison testified, on behalf of plaintiffs: " The goods ordered in October were similar to the goods ordered in March previous, same cigars, but under a different label. Q. What was stated at the time you took the order in October? A. When I came into Mr. Towner's I asked him if he wanted any of my cigars any more. He said, ' Yes, I can use your cigars,' and then he gave me an order." The following question was asked the defendant by his counsel: " Q. What conversation did you have with Mr. Levison, the salesman of plaintiff, at the time you gave him the order for the goods in suit? " The question was excluded, on the ground that the contract was in writing. If the plaintiff's counsel relied on the contract contained in the letters, he should not have examined Levison as to conversations with

defendant. As he did, we think the defendant should have had the privilege of, at least, contradicting the testimony of Levison. The letters, if to be treated as the contract, were silent as to quality of a portion of the goods. As to the first item of Exhibit 6, plaintiff's Exhibit 4 shows that the cigars were to be of the same size as a certain brand sold in March previous, but nothing is stated in the letter as to quality, and it is the same as to the item in Exhibit 6.

Judgment reversed, order of reference vacated and a new trial granted, costs to appellant to abide the event.

Present: CLEMENT, Ch. J., VAN WYCK and OSBORNE, JJ.

Judgment reversed, order of reference vacated and new trial granted, costs to appellant to abide event.